**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted October 11, 2007*
Decided  November 8, 2007

Before

**Hon.** FRANK H. EASTERBROOK, Chief Judge

**Hon.** ILANA DIAMOND ROVNER, Circuit Judge

**Hon.** DIANE S. SYKES, Circuit Judge

| | |
|---|---|
| **No**.  07-2739 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| **v.** | No. 03 CR 886 |
| ANTHONY BROWN, *Defendant-Appellant*. | Harry D. Leinenweber, *Judge*. |

### Order

This is the fourth appellate proceeding in the criminal prosecution of Anthony Brown. The first time the case was here, we affirmed his conviction but directed the district court to state whether the recent decision in *United States v. Booker*, 543 U.S. 220 (2005), could affect Brown's sentence. See *United States v.*

---

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

*Gougis*, 432 F.3d 735 (7th Cir. 2005). The district court replied that it would have given Brown a lower sentence had it anticipated *Booker*'s holding. We then remanded for resentencing. Instead of conducting a sentencing using the rules prescribed by Fed. R. Crim. P. 32, however, the district court summarily imposed a new sentence without giving Brown an opportunity to address the court or argue for a lower sentence. On a fresh appeal, we reversed and remanded for a proper resentencing by a different judge. This time, Rule 32 was followed, and Brown received a sentence of 85 months' imprisonment. (Brown's original sentence was 97 months, and the first remand led to a 92-month sentence.) Brown has filed another appeal; his counsel moves to withdraw and has filed a brief complying with *Anders v. California*, 386 U.S. 264 (1967).

Brown, who opposes counsel's motion in a filing under Circuit Rule 51(b), contends that the district judge miscalculated the Guideline range by holding him accountable for a firearm. This finding by the district court is what created a potential problem under *Booker*, but as counsel observes in the *Anders* brief the initial appeal raised *only* a *Booker* point, and not any contention that the evidence was insufficient or that the Guidelines had been misapplied. It is too late to raise such an argument now, counsel concludes, because its omission from the initial appeal forfeits the point. See, e.g., *United States v. Swanson*, 483 F.3d 509, 514-15 (7th Cir. 2007). A remand for resentencing leaves open only those issues that led to the remand. This remand was designed to give the district court an opportunity to exercise discretion to the extent that *Booker* allows, and after affording counsel a chance to argue for a lower sentence--and Brown himself a new opportunity for allocation. The remand was not designed to reopen other issues. Any argument to the contrary would be frivolous, as counsel properly concludes.

Brown's response shows that he is confused by the idea of a remand. He says, rightly, that the remand was "full" in the sense that resentencing had to comply with Rule 32. But he is mistaken to think that this relieves him of his own litigating strategy and reopens issues otherwise covered by forfeitures or the law of the case.

What is more, Brown does not offer any reason to suppose that the district judge acted incorrectly in holding him accountable for the firearm. All co-conspirators are accountable for other persons' acts within the scope of the criminal venture. *Pinkerton v. United States*, 328 U.S. 640 (1946). Brown's further argument that he had "taken off his [own] firearm"--and that testimony to the contrary should not have been believed--misunderstands how judges apply the Guidelines. In resentencing Brown, the district judge accepted as true his assertion that he was not armed at the time of the drug transaction that immediately preceded his arrest. But the judge also, and properly, concluded that the presence of weapons within the reach of the conspirators required Brown's offense level to be increased by two under U.S.S.G. §2D1.1(b)(1). The question is not whether the weapon was being carried in Brown's pocket or waistband (or in the hands of another co-conspirator) but whether it was "present" at the scene of the transaction. See Application Note 3 to §2D1.1. Brown does not offer any reason to think that he has a non-frivolous objection to the judge's conclusion that a firearm was "present" at the scene.

Brown's sentence is 12 months below the lowest point in the Guideline range.

Any argument that the sentence is too high would be untenable.

The motion to withdraw is granted, and the appeal is dismissed as frivolous.